**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

AUG 24 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SAMARJEET GILL,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No. 14-73656

Agency No. A200-944-658

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 16, 2016**

Before:    O'SCANNLAIN, LEAVY, and CLIFTON, Circuit Judges.

Samarjeet Gill, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").   We have

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the inconsistency between Gill's statement at his credible fear interview and his later statements regarding his residence in England, the omission of his most severe incident of harm at his credible fear interview, the inconsistency as to why Gill supported his political party in India, and the inconsistency as to the alleged threatening telephone calls. *See Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010) (agency's adverse credibility determination was reasonable under the "totality of circumstances"); *see also Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011) ("Material alterations in the applicant's account of persecution are sufficient to support an adverse credibility finding."). The record does not support Gill's contention that the agency relied on speculation and conjecture. We reject Gill's contentions that the agency erred by relying on his credible fear interview, *see Li v. Ashcroft*, 378 F.3d 959, 962-63 (9th Cir. 2004), and his contentions that the agency did not analyze his claim properly, *see Najmabadi v. Holder*, 597 F.3d 983, 990-91 (9th Cir. 2010) (the agency need not "write an exegesis on every

2                                                                                    14-73656

contention"). In the absence of credible testimony in this case, Gill's asylum and withholding of removal claims fail. *See Jiang*, 754 F.3d at 740.

Gill's CAT claim also fails because it is based on the same testimony the agency found not credible, and Gill does not point to any other evidence that compels the finding it is more likely than not he would be tortured if returned to India. *See id.* at 740-41. We reject his contention that the BIA failed to analyze his CAT claim properly. *See Najmabadi*, 597 F.3d at 990.

**PETITION FOR REVIEW DENIED.**